UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 17, 2018

SEAN F. McAVOY, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>NATIVE LINK, LLC, a Delaware limited liability company; NATIVE LINK CONSTRUCTION, LLC, a Delaware limited liability company; PATRICK L. NOLAN, a Canadian citizen; and MELINDA ANN WALK, a Washington State resident now known as Melinda Thompson,<br><br>            Defendants. | NO:  2:16-CV-416-RMP<br><br>ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT AND SUMMARY JUDGMENT |

BEFORE THE COURT, without oral argument, is a motion by the United States for default judgment against Defendants Patrick Nolan, Native Link, LLC ("Native Link"), and Native Link Construction, LLC ("Native Link Construction"), and for summary judgment against Defendant Melinda Ann Walk, who represents that she is now known as Melinda Ann Thompson.  ECF No. 14.

Ms. Thompson, the only Defendant to appear and answer the complaint in this

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT AND SUMMARY JUDGMENT ~ 1

matter, did not respond to the motion for default and summary judgment. Having reviewed the United States' motion, supporting declarations, and the remaining record, the Court finds that judgment shall be entered for the United States against all Defendants for the reasons that follow.

## BACKGROUND

The United States filed this action on November 30, 2016, to recover funds that the United States guaranteed when Defendants took out a loan for a maximum draw amount of $750,000 in 2014 for their business ventures. *See* ECF No. 1 at 1–2. The United States provided a ninety percent guaranty for Defendants' loan to the lending bank. Defendants Ms. Thompson and Mr. Nolan personally guaranteed the loan. ECF No. 1-1 at 38–44.

Both the guaranty and the promissory note provided that the borrowers agreed to pay, in the event of default and to the extent permitted by law, "all expenses of collection, enforcement or protection of [the lender's] rights and remedies under" the documents relating to the debt. ECF No. 1-1 at 43.

As Ms. Thompson admitted in her answer, the parties defaulted on the loan in or around October 2015. *See* ECF Nos. 1 at 6; 10 at 2; *see also* ECF No. 1-1 at 46, 54. After the lender bank unsuccessfully tried to collect from Defendants, the bank submitted a claim to the United States for the guaranteed portion of the loan. The United States paid the guaranty to the bank, and the bank assigned its rights in the loan to the United States. ECF No. 1-1 at 53–56.

As of September 13, 2016, Defendants were indebted in the amount of $351,877.75 to the United States. ECF No. 5-1 at 1. In January 2017, Defendants agreed to provide the chattel securing the loan to the United States to sell at public auction and apply the proceeds, less the auction costs, to their debt. *See* ECF No. 5-1. After the United States auctioned off the equipment, Defendants owed a balance of $281,843.14, as of February 13, 2018. ECF No. 16-2 (Certificate of Indebtedness).

Ms. Thompson answered the United States' complaint on January 26, 2018. In Ms. Thompson's answer, she agreed that she had executed a promissory note, that she had personally guaranteed the loan, and that Defendants had defaulted on payments for the loan. ECF No. 10 at 2. Ms. Thompson disputes the Government's allegation that she owes attorney's fees. *Id.*

## DISCUSSION

### *Default Judgment*

A court may exercise its discretion to order default judgment following the entry of default by the Clerk of the Court. Fed. R. Civ. P. 55(b); *see also* Local Rule ("LR") 55.1; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("The district court's decision whether to enter a default judgment is a discretionary one.").

The Ninth Circuit has prescribed the following factors to guide the district court's decision regarding the entry of a default judgment: "(1) the possibility of

prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Once the Clerk of Court enters default, the well-pleaded allegations of the complaint, except those concerning damages, are deemed true. Fed. R. Civ. P. 8(b)(6); *see TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). In conjunction with moving for default judgment, Plaintiff must provide evidence of all damages sought in the complaint, and the damages sought must not be different in kind or exceed the amount demanded in the pleadings. Fed. R. Civ. P. 54(c).

In addition, the party seeking the entry of a default judgment must file an affidavit setting forth: (1) whether the party against whom judgment is sought is an infant or an incompetent person, as required by Fed. R. Civ. P. Rule 55(b); (2) that the Service members Civil Relief Act of 2003 does not apply; (3) that written notice of the motion was served on the defaulting party if the party appeared personally or by a representative; and (4) that the costs sought to be taxed have been incurred or will necessarily be incurred. LR 55.1(b).

As a threshold matter, the United States filed a declaration satisfying the requirements of Fed. R. Civ. P. 55(b) and LR 55.1(b).  Moreover, Defendants Native Link, LLC ("Native Link"), Native Link Construction, LLC ("Native Link Construction"), and Patrick Nolan have not provided any justification to withhold entering a default judgment.  Nonetheless, this Court analyzes each of the *Eitel* factors weighing upon the Court's exercise of its discretion in the entry of default judgments.

The first, second, third, and fifth factors favor entry of a default judgment, while the fourth and seventh factors are neutral.  The first factor, the possibility of prejudice to the plaintiff, is present.  Defendant Nolan and the entity Defendants have not pleaded or otherwise appeared to defend against the United States' claims.  Therefore, the United States lacks an alternative to entry of default judgment for recovery against the Defendants.

The second and third factors, the merits of the substantive claims are frequently considered together and, to weigh in favor of default judgment, require that the plaintiff has stated a claim on which it can recover.  *PepsiCo., Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).  "In an action to enforce a promissory note, the plaintiff must present evidence of: 1) the existence of the note; 2) the defendant's default; and 3) the amount due."  *United States v. Gray*, 2012 U.S. Dist. LEXIS 65827, 2012 WL 1657112, at *4 (N.D. Cal. May 10, 2012); *see also*

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT AND SUMMARY JUDGMENT ~ 5

*United States v. Ragan*, 2011 U.S. Dist. LEXIS 124050, 2011 WL 5075544 at *3 (C.D. Cal. Oct. 25, 2011) ("To recover on a promissory note, the government is entitled to summary judgment if it presents evidence of the existence of the note, the defendant's default, and the amount due. . . ." ) (*citing United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975)); *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009) (same); *United States v. Pritchett Farms, Inc.*, 2008 U.S. Dist. LEXIS 70035, 2008 WL 4282754 (E.D. Wash. Sept. 17, 2008) (granting summary judgment after determining that plaintiff established the existence of a promissory note signed by defendant, plaintiff's own status as legal owner and holder of the note, and the amount of the balance that was due on the note).

All of the elements necessary to state a claim for recovery on the promissory notes are satisfied by the documents that the Government attached to the complaint and the default and summary judgment record. The Government has provided the promissory note signed by Mr. Nolan and Ms. Thompson on behalf of the entity Defendants as well as both individual Defendants' personal guaranties of the property. ECF No. 1-1. The Government demonstrated that it is the owner and holder of the loan. ECF No. 1-1 at 53–56. The Government further provided evidence that Defendants defaulted on the loan. ECF No. 1-1 at 46, 54. Lastly, the Government provided documentation of the amount owed. ECF No. 16-2.

The fifth factor, whether material facts are likely to be disputed, weighs in favor of default judgment here. The extent of the documentation of the loan and

subsequent default, and the admission of the sole appearing Defendant to the existence of the loan and the default, persuade the Court that the material facts of the United States' claim are unlikely to be disputed.

The fourth *Eitel* factor, the sum of money at stake, weighs neither in favor nor against default judgment in this case. Courts generally disfavor default judgment where a large sum of money, or a sum that may be unreasonable, is at issue. *See Eitel*, 782 F.2d at 1472. The amount at issue is well-demonstrated by the Government, and there is no evidence before the Court to conclude what effect payment of the sum will have on the Defendants.

Finally, there is no evidence to support that Mr. Nolan and the entity Defendants will ever participate in this action, given that they have not participated since Mr. Nolan was served in March 2017 and the entity Defendants in December 2016. Therefore, the Court finds the seventh factor, the strong policy under the Federal Rules of Civil Procedure favoring decisions on the merits, to be neutral.

*Summary Judgment*

As a general rule, summary judgment is appropriate if the movant demonstrates that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A

fact is material if it "might affect the outcome of the suit under the governing law." *Id*. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id*.

A district court determining a summary judgment motion views the evidence in the light most favorable to the nonmoving party. *See, e.g., United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016).

Under LR 7.1(d), the Court may interpret a party's failure to respond to a motion as consent to entry of an adverse order. In addition, a party's failure to file a statement of specific facts in opposition to a motion for summary judgment enables the Court to assume that the facts as claimed by the moving party are admitted. LR 56.1(b), (d).

As determined above, the United States provided evidence with its complaint and motion for summary judgment on all of the necessary elements to collect on a promissory note. To rebut that showing, a defendant must submit evidence that the obligation to pay the loan somehow did not exist, was extinguished, or was modified by a later agreement. *See United States v. Falcon*, 805 F.3d 873, 876 (9th Cir. 2015) (citing *Petroff-Kline*, 557 F.3d at 290). While the Court understands Ms. Thompson's assertion that she presently is unable to pay her debt, Ms. Thompson provides no evidence to rebut the showing made by the United States that she owes the amount sought or evidence to demonstrate a

dispute of any material fact. Therefore, summary judgment is appropriate. *See* Fed. R. Civ. P. 56(e).

Accordingly, **IT IS HEREBY ORDERED**:

1. The United States' Motion for Summary Judgment as to Melinda Ann Walk, now known as Melinda Ann Thompson, and Default Judgment as to Patrick Nolan, Native Link, and Native Link Construction, **ECF No. 14**, is **GRANTED**.
2. Judgment shall be entered for the United States against all Defendants in the amount of:
   a. The remaining balance of $281,843.14 inclusive of interest accrued to February 13, 2018;
   b. Interest to accrue on the balance at the rate of $51.03 per day from and after February 13, 2018, to the date of judgment;
   c. Interest on the balance from the date of judgment at the rate set forth in 28 U.S.C. § 1961; and
   d. Court costs and the costs of collection and attorney's fees presently and in the future incurred.

/ / /

/ / /

/ / /

/ / /

e. Within fourteen days of this order, the United States shall submit documentation supporting exact costs and any relevant charges for attorney's fees, pursuant to Fed. R. Civ. P. Rule 54 and Local Rule 54.1.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment as outlined above, provide copies of this Order to counsel and to Ms. Thompson, and close the case.

**DATED** April 17, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge